UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS J. COTTRELL,
AND KEVIN KING,

    Plaintiffs,

                                                                       Case No. 2:20-cv-12886

v.                                                          Hon. Sean F. Cox

M. HAMLIN,

    Defendant.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I. Introduction

Plaintiffs Nicholas J. Cottrell and Kevin King, both presently confined at the G. Robert Cotton Correctional Facility, filed this civil rights action against Corrections Officer M. Hamlin. They are not proceeding *in forma pauperis* and have paid the filing fee. Nevertheless, for the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) with respect to Plaintiff Nichalos J. Cottrell for his failure to state a claim. The case will proceed with respect to Plaintiff Kevin King on his First Amendment retaliation claim.

### II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The screening procedures established by § 1915A apply whether the plaintiff

1

has paid the entire filing fee or is proceeding in forma pauperis. *Portis v. Mich. Dep't of Corr.*, 82 F. App'x. 457 (6th Cir. 2003). The Court must read Plaintiffs' *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Complaint

Plaintiffs' complaint concerns an alleged incident occurring at their facility on June 26, 2020. They state that on that date Defendant Hamlin opened the outer doors and windows near her work area in violation of an order issued by the Warden. They assert that the action allowed mosquitos and other insects to infest their housing unit, and it caused the temperature to increase uncomfortably.

Plaintiff Cottrell asserts that he immediately advised Hamlin that her action violated the Warden's order. Plaintiff King asserts that he removed the object propping open the door. Plaintiffs allege that Hamlin threatened them with segregation and misconduct tickets if they sought relief from supervisory staff. Plaintiffs assert they called family members, who in turn called supervisory staff about the dispute. King then filed a formal grievance against Hamlin. The assistant residential unit supervisor soon thereafter arrived, and he told Hamlin to shut the door and windows as per the Warden's order.

Two days later, on June 26, 2020, Plaintiffs allege that Hamlin issued King a Class II misconduct for insolence. On July 9, 2020, after a hearing and after watching security camera footage, King was found not guilty of the misconduct.

Plaintiffs claim that Hamlin's actions were performed in retaliation for their legitimate complaints regarding the open door and windows.

IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly*/*Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiffs assert that Hamlin retaliated against them for complaining about her actions of opening the door and windows. A retaliation claim has three elements: "(1) the plaintiff engaged

in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987).

Plaintiffs' allegations satisfy the first element. They both assert that they verbally complained about Defendant's refusal to comply with the Warden's order, and King asserts that he filed a formal grievance. These alleged actions constitute protected conduct. *See Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018).

With respect to the second element, Plaintiffs' claims diverge. Plaintiff King asserts that Hamlin wrote a false Class II misconduct ticket against him two days after the dispute. Plaintiff Cottrell, however, does not allege that any adverse action was taken against him. The relevant question is whether the Defendant's conduct is "capable of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). "When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment [the plaintiff] could have faced and the punishment he ultimately did face." *Maben*, 887 F.3d at 266. In *Maben*, the court concluded that the possible punishments that are attendant to a minor misconduct sufficed to establish adverse action. *Id*. Accordingly, the Court concludes that Plaintiff King has adequately alleged adverse action, but even indulgently construed, the complaint does not allege that adverse action was taken against Plaintiff Cottrell.

Finally, the Court concludes that Plaintiff King has adequately alleged a causal connection between the protected conduct and the adverse action. Plaintiff states the false misconduct was issued two days after the incident, and the nature of the misconduct itself related to the exchange between King and Hamlin. Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)).

Accordingly, Plaintiff King has stated a First Amendment retaliation claim against Defendant, but Plaintiff Cottrell has not. The case will therefore proceed only with respect to Plaintiff King.

## V. Order

For the foregoing reasons,

**IT IS ORDERED** that the case is **SUMMARILY DISMISSED** with respect to Plaintiff Cottrell's claims against Defendant Hamlin, for his failure to state a claim.

**IT IS FURTHER ORDERED** that the case may proceed with respect to Plaintiff King's retaliation claim.

    s/Sean F. Cox
    Sean F. Cox
    United States District Court

Dated: December 17, 2020