UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS J. COTTRELL, AND
KEVIN KING

                Plaintiffs,                Case No. 2:20-cv-12886
                                                            Hon. Sean F. Cox

v.

GUARD M. HAMLIN,

                Defendant.
_____/

**ORDER DENYING PLAINTIFF COTTRELL'S MOTION FOR RECONSIDERATION**
**[ECF No. 6]**

Plaintiffs, Michigan prisoners, filed this civil rights action against an MDOC corrections officer. Plaintiffs allege that Defendant took retaliatory action against them when Plaintiffs threatened to tell Defendant's superiors that she had propped open a door and windows in violation of a prison order. The complaint states that Plaintiff King then removed the prop and closed the unit door. Defendant thereafter filed an insolence misconduct charge against King but not against Plaintiff Cottrell. The court summarily dismissed the complaint with respect to Cottrell because the complaint failed to allege that Defendant took any adverse action against him.

Before the Court is Cottrell's motion for reconsideration. Cottrell claims that the complaint made a sufficient allegation of adverse action by asserting: "Guard Hamlin threatened both Plaintiff Cottrell and King with segregation and issuing of misconducts for seeking supervisory staff. . . ." (Complaint; ECF No. 1, ¶ 9.) Cottrell asserts that even though a misconduct was only issued against King, the mere threat of disciplinary action is enough to satisfy the adverse action element of a retaliation claim. In support of this contention, Cottrell relies on *Scott v. Churchill*,

377 F.3d 565, 572 (6th Cir. 2004), which states: "*Cale [v. Johnson*, 861 F.2d 943, 948-51 (6th Cir. 1988)], decided in 1988, clearly establishes that the mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."

Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

The Court does not read *Scott* as standing for the proposition that a mere threat to file disciplinary ticket satisfies the adverse action element as a matter of law. In *Scott*, the defendant did not merely threaten to file a misconduct charge – he actually filed and pursued a false misconduct ticket that was later dismissed. The defendant in *Scott* argued that because the charge was dismissed and the plaintiff suffered no actual harm, there was no adverse action. 377 F.3d at 571. The Sixth Circuit rejected that contention, stating: "the false *issuance* of a misconduct charge is unconstitutional retaliation; that [defendant] did not do a particularly good job of framing [plaintiff] does not make his actions any less culpable. . . ." 377 F.3d at 572 (emphasis added). So too in *Cale*, the case primarily relied upon by *Scott*, the adverse action was not the mere threat to file a misconduct charge but "the filing of a false misconduct charge." 377 F.3d at 571.

Nevertheless, other district court decisions have read the passage from *Scott* as standing for the proposition that a mere threat to file a false misconduct charge in retaliation for protected conduct constitutes a sufficient allegation of adverse action to satisfy that element of a retaliation claim. *See, e.g., Annabel v. Erichsen*, 2018 U.S. Dist. LEXIS 118538, *35; 2018 WL 3436726

(E.D. Mich. July 2018); *Brown v. Smith*, 2018 U.S. Dist. LEXIS 195684, *9; 2018 WL 6011243 (W.D. Mich. Nov. 16, 2018).

The Court does not read *Scott*, *Cale*, nor any other case as creating such a blanket rule. The Sixth Circuit recently described the standard as follows:

> As to the second element, "[a]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396. "Whether a retaliatory action is sufficiently severe to deter a person of ordinary firmness from exercising his or her rights is a question of fact." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). However, some adverse actions are so *de minimis* that they do not rise to the level of a constitutionally cognizable injury. *Thaddeus-X*, 175 F.3d at 396 (citing *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). "[T]his threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* at 398. Indeed, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Bell*, 308 F.3d at 603. (citing *Thaddeus-X*, 175 F.3d at 398); *Kennedy v. Bonevelle*, 413 F. App'x 836, 840 (6th Cir. 2011) ("[O]nly de minimis violations should be dismissed as a matter of law; in general, the adverseness question should survive the pleading stage.").
>
> When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment Maben could have faced and the punishment he ultimately did face. *See Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."); *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) (looking to what the prisoner "could have been sentenced to . . . if he had been found guilty").

*Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018).

Here, Cottrell does not allege an adverse action that would deter a person of ordinary firmness from exercising his rights. The complaint asserts that Cottrell first complained to Defendant about the open window and doors, and he told her that it was against a prison order. (ECF 1, at ¶ 5.) It was King who then removed the prop to the door, initiating the argument with Defendant (ECF 1, at ¶ 6.) Both Plaintiffs then said they would speak to Defendant's superiors, prompting Defendant to threaten "both Plaintiff Cottrell and King with segregation and the issuing

3

of misconducts for seeking supervisory staff." (ECF 1, at ¶ 9.) After King then told Defendant that he would "take [her] to Federal Court," Defendant filed the insolence misconduct against only King. (ECF 1, at ¶¶ 9, 16.) Other than the brief, unacted upon threat to Cottrell, the complaint is devoid of allegations that Defendant took any adverse action against him.

The Court finds that, given the circumstances alleged in the complaint, the mere threat of filing a misconduct charge in the course of arguing with another prisoner who removed the door prop placed by the officer—without following through and actually filing the charge—was a *de minimis*, literally inconsequential statement that would not deter a person of ordinary firmness from exercising his rights. Thus, while in general the adverse action question should survive the pleading stage, the alleged *de minimis* threat at issue here which was never acted upon with respect to Cottrell was properly dismissed as a matter of law. *See Kennedy*, 413 F. App'x at 840. It was more in the nature of an inconsequential verbal threat that did not rise to the level of being a constitutional violation. *See Thaddeus-X*, 175 F.3d at 398.

Accordingly, Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED.**

Dated: July 7, 2021                          s/Sean F. Cox
                                                              Sean F. Cox
                                                              U. S. District Judge